MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WYKESHIA ALLEN,** | WEXLER, J. |
| **Plaintiff,** | **Complaint** |
| v. | **JURY TRIAL DEMANDED** |
| **COUNTY OF NASSAU and NASSAU COUNTY POLICE OFFICERS JOHN DOES #1-5, (the names John Doe being fictitious, as the true names are presently unknown).** | **Civ. No.:** |
| **Defendants.** | |

### NATURE OF THE ACTION

1.   This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

### JURISDICTION AND VENUE

2.   This action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.   The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4.   Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c) since all of the events and omissions giving rise to the Plaintiff's claims occurred within Nassau County;

the actual place of employment of all of the individual police officers is Nassau County in the Eastern District of New York, and the County of Nassau is within the jurisdiction of the Eastern District of New York. Additionally, Plaintiff resides within the County of Nassau in the Eastern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

6. Pursuant to the New York State General Municipal Law, Plaintiff served a Notice of Claim upon the COUNTY OF NASSAU within the 90-day statutory period, giving Notice of these claims to the extent required by law.

7. Over thirty (30) days has since expired without NASSAU remedying, settling or adjusting this claim.

## PARTIES

8. Wykeshia Allen ("Plaintiff" or "Ms. Allen") is a 35 year old African American woman who resides in the County of Nassau, State of New York; and Plaintiff does not have a criminal record.

9. Defendant COUNTY OF NASSAU (hereinafter referred to as "NASSAU") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

10. Upon information and belief, at all relevant times described herein, Defendant, NASSAU, by its agents and/or employees operated, maintained and controlled the

2

Nassau County Police Department, and employed and controlled all the Police Officers thereof.

11. Upon information and belief, NASSAU COUNTY POLICE OFFICERS JOHN DOES #1-5 (hereinafter referred to as "P.O. JOHN DOES #1-5") are individuals and employees of NASSAU with an actual place of employment within the County of Nassau, State of New York.

12. Upon information and belief, at all relevant times described herein, DEFENDANT P.O. JOHN DOES #1-5 were acting within the scope of their employment as Nassau County Police Officers and/or employees of NASSAU.

13. Defendant P.O. JOHN DOES #1-5 are sued in both their individual and official capacities.

## STATEMENT OF FACTS

14. On or about February 7, 2013, Plaintiff was lawfully present in Hicksville, New York, County of Nassau, where she was working for her employer, Nassau County Public Works.

15. On or about February 7, 2013, in the late morning/early afternoon, and at her above mentioned place of employment, Plaintiff's superior informed Plaintiff that there were two Nassau County Police Officers there to talk to her.

16. Following a brief period of questioning Plaintiff about an alleged robbery, the involvement in which Plaintiff denied any knowledge of, Defendant P.O. JOHN DOES #1-2 placed excessively tight handcuffs on Plaintiff and threw her into the back of an unmarked police vehicle.

3

17. Once Plaintiff was inside of the unmarked police vehicle, Defendant P.O. JOHN DOES #1-2 lied to Plaintiff by telling Plaintiff that Defendant P.O. JOHN DOES had video and photos of Plaintiff at a gas station located in Bellmore, New York, engaged in a robbery at said gas station.

18. Thereafter, Defendant P.O. JOHN DOEs #1-2 drove Plaintiff past a gas station located on Jerusalem Avenue, North Bellmore, New York and insisted that Plaintiff had been involved in a robbery at a gas station at said location.

19. Defendant P.O. JOHN DOEs #1-2 continued to verbally assault Plaintiff and further lied to her by repeating and alleging, over and over, that P.O. JOHN DOEs #1-2 had video footage and photographs of Plaintiff engaged in a robbery at a gas station located on Jerusalem Avenue, North Bellmore, New York; when Defendant P.O. JOHN DOEs #1-2 knew such statements and allegations to be untrue.

20. Plaintiff was then transported to the 1st Precinct, located in Baldwin, New York and arrived there on or about 4:20 PM, where she was subjected to a strip-search, which both humiliated and psychologically harmed Plaintiff.

21. Plaintiff was then handcuffed to a bench within the 1st Precinct.

22. While handcuffed to a bench within the 1st Precinct, Plaintiff suffered an asthma attack and EMS was called.

23. After EMS attended to Plaintiff's medical needs while handcuffed to a bench within the 1st Precinct, Plaintiff requested to speak to an attorney.

24. Plaintiff's request to speak to an attorney was denied by Defendant P.O. JOHN DOEs #1-5.

25. After Plaintiff's request to speak to an attorney was denied, Defendant P.O. JOHN DOEs #1-5 interrogated Plaintiff, in direct violation of Plaintiff's constitutional rights.

26. Defendant P.O. JOHN DOEs #1-5 then showed Plaintiff photographs of an individual Defendant P.O. JOHN DOEs #1-5 insisted was Plaintiff's boyfriend, which Plaintiff denied.

27. Defendant P.O. JOHN DOEs #1-5 then told Plaintiff, in sum and substance, "that if she did not provide a written statement confessing to her involvement in a robbery at a gas station located on Jerusalem Avenue, North Bellmore, New York, that she would lose everything she had ever worked for."

28. Plaintiff refused to provide such written statement, and she remained confined within the 1st Precinct for more than four hours, where she was denied food and water.

29. Based on information provided by Defendant P.O. JOHN DOEs #1-5 to the Nassau County District Attorney's Office, a Criminal Court proceeding was brought against Plaintiff.

30. On February 8, 2013, Plaintiff was arraigned in Nassau County Criminal Court and charged with violating NY Penal Law §§160.15, 160.10; and the court set bail in the amount of $100,000.00.

31. Unable to post bail, Plaintiff was thereafter held at the Nassau County Correctional Center.

32. While held at the Nassau County Correctional Center, Plaintiff passed a polygraph examination.

33. While held at the Nassau County Correctional Center, it came to light that the photographs of the perpetrator of the alleged robbery in question for which Plaintiff (a female) was arrested, depicted a male.

34. Defendant P.O. JOHN DOEs #1-5 knew that the photographs of the perpetrator of the alleged robbery depicted a male, but arrested Plaintiff and charged her with violating NY Penal Law §§160.15, 160.10 anyway.

35. In so doing, P.O. JOHN DOEs #1-5 acted with actual malice.

36. While held at the Nassau County Correctional Center, Plaintiff's assigned attorney was able to procure Plaintiff's phone records which established a solid alibi.

37. Unable to post bail in the amount of $100,000.00, Plaintiff remained confined to the Nassau County Correctional Center through February 18, 2013.

38. On February 19, 2013, Plaintiff appeared in Nassau County Criminal Court before The Honorable Erica L. Prager, and The Honorable Erica L. Prager released Plaintiff into her own custody.

39. Upon release, Plaintiff learned that, while in the custody of the defendants, she had received an email notification from the United States Postal Service, dated February 7, 2013, concerning an application for the position of CITY CARRIER ASSISTANT 1, for which she had previously applied.

40. The notification from the United States Postal Service, as referenced in ¶39 of the instant Complaint, required Plaintiff to respond "IMMEDIATELY," and report for a drug test to continue her application for said position.

41. Plaintiff was unable to respond to the notification from the United States Postal Service, in reference to her application for the position of CITY CARRIER ASSISTANT 1

6

because she was wrongfully detained, against her will, and in the custody of the defendants at the time of the notification.

42. Due to her arrest and detention, Plaintiff lost her opportunity to continue with her application process with the United States Postal Service for the position of CITY CARRIER ASSISTANT 1.

43. On February 20, 2013, Plaintiff learned that her employment with Nassau County Public Works had been terminated due to her arrest.

44. On February 22, 2013, a Grand Jury was assembled at the direction of the Nassau County District Attorney's Office in the matter of The People of The State of New York v. Wykeshia Allen, Court Docket #003139.

45. On February 22, 2013, the Grand Jury assembled, as more specifically set forth in ¶44 of the instant Complaint, declined to indict Plaintiff and the Criminal Court Case against Ms. Allen was dismissed and Ordered sealed.

46. Plaintiff suffered damages as a result of defendant's actions, in that Plaintiff suffered an unlawful detention, loss of liberty, physical injuries, emotional distress, fear, anxiety, humiliation, degradation, embarrassment, damage to her reputation, loss of her employment with Nassau County Public Works; and was precluded from pursuing a potential job offer with the United States Postal Service.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C §1983 – FALSE ARREST

47. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1-46 of the Complaint with the same force and effect.

7

48. The accusations of wrongful conduct against Plaintiff were improper and false, and were an attempt to disguise the defendants, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 in their official and individual capacities, animosity towards Plaintiff, causing a deprivation of her rights, privileges and/or immunities secured by the Constitution and laws.

49. Under color of the law, the defendants deprived the Plaintiff of her Fifth, Sixth and Fourteenth Amendment rights not to be deprived of life, liberty or property without due process of law, and of her Fourth Amendment right to be free from unlawful searches and seizures by falsely arresting, wrongfully detaining, unlawfully assaulting, unconstitutionally conducting a humiliating and degrading strip search, and falsely charging the Plaintiff with criminal charges for which there was no evidence or substantiation of any kind.

50. The accusations of wrongful actions leveled against Plaintiff were false and an attempt to cover up the false arrest, malicious prosecution and abuse of process which had been inflicted by defendants on Plaintiff.

51. Defendants lacked even arguable probable cause to arrest Plaintiff.

52. Such actions were intentional, negligent, reckless, callous, unreasonable and unauthorized, as defendants had a duty not to subject Plaintiff to the use of excessive force by handcuffing her excessively tightly, conducting an unlawful, degrading and humiliating strip search, false arrest and summary punishment, but failed to prevent the same, all in violation of 42 U.S.C. §1983.

53. The defendants acted under color of law to deny the Plaintiff her constitutional rights of due process and freedom from seizure by wrongfully detaining her under the threat of

imprisonment without providing any reasonable basis or investigation warranting prosecution, or other due process guarantees secured to the Plaintiff. The defendants detained the Plaintiff without any probable cause, therefore lacking proper legal authority.

54. As a consequence of defendants' wrongful actions, negligent behavior, and violation of federal and state laws, Plaintiff was deprived of her freedom, made to suffer injuries, and subjected to great fear, terror, personal humiliation and degradation.

55. That by reason of the foregoing, Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. §1983-FALSE IMPRISONMENT

56. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 55 of this Complaint with the same force and effect.

57. The accusations of wrongful conduct against Plaintiff were improper and false, and were an attempt to disguise the defendants, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 in their official and individual capacities, animosity towards Plaintiff, causing a deprivation of her rights, privileges and/or immunities secured by the Constitution and laws.

58. The defendants, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 in their official and individual capacities, lacked probable cause to arrest or detain Plaintiff in prolonged physical custody for a period of time from February 7, 2013 to February 19, 2013.

59. The wrongful arrest and wrongful detention of the Plaintiff by the defendants were committed under color of law, customs, and statutes of the State of New York.

60. The defendants acted under color of the law to deny the Plaintiff her Constitutional rights to equal protection, due process and freedom from seizure by wrongfully detaining the Plaintiff at the 1st Precinct, and wrongfully charging her and holding her under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the Plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

61. Such violations were continued by the defendants in their refusal to adequately investigate the false charges against the Plaintiff and to properly review and investigate the actions of defendants against the Plaintiff. Specifically, defendant failed to investigate and verify the veracity of the Plaintiff's claim that she had no involvement whatsoever in any purported robbery.

62. Despite the information known to the defendants at the time of Plaintiff's arrest, defendants willfully detained Plaintiff, and drove her around handcuffed in the back seat of an unmarked police vehicle, humiliating and degrading her, before bringing her to the 1st Precinct. When Plaintiff arrived at the 1st Precinct, Plaintiff had to endure harassment and threats; followed by questioning and interrogation without an attorney present although Plaintiff had requested to speak to an attorney, all before being handcuffed to a bench.

63. The defendants never offered to free Plaintiff and Plaintiff never consented to her imprisonment. Although the defendants made the arrest of Plaintiff under color of New York law, the defendants lacked the authority of law to do so – there was no probable cause or reasonable suspicion to take Plaintiff into custody.

64. As a consequence of defendants' wrongful actions, negligent behavior, and violation of federal and state laws, Plaintiff was deprived of her freedom, made to suffer injuries, and was subjected to great fear, terror, personal humiliation and degradation, physical pain; and still continues to suffer mental and emotional distress, loss of employment, loss of prospective employment - all as a result of the aforesaid unlawful conduct of the defendants.

65. That by reason of the foregoing, the Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, cost and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
**42 U.S.C. §1983 – UNREASONABLE SEARCH AND SEIZURE CLAIM**

66. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 65 of this complaint with the same force and effect.

67. The unlawful arrest conducted against the Plaintiff by the defendants COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 in their official and individual capacities, constituted an unreasonable search and seizure by the police officers as well as abuse of process. Such actions were negligent, reckless, unreasonable and unauthorized, as defendants had a duty not to subject Plaintiff to any unnecessary search and seizure, but failed to prevent the same, and breached their duty.

68. As a consequence of defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of her freedom, was subjected to great fear, terror, personal humiliation and degradation, and suffered great mental and emotional distress as a result of the aforesaid unlawful conduct of defendants.

69. Defendants failed to have any reasonable basis in order to establish a reason for a warrantless strip search. Reasonable suspicion that the Plaintiff was concealing a weapon or other contraband must be present to support a warrantless strip search. Defendants P.O. JOHN DOEs #1-5 strip searched Plaintiff even though there was no individualized suspicion that Plaintiff was secreting contraband on her person; and even though P.O. JOHN DOEs #1-5 knew that Plaintiff was a gainfully employed, law abiding woman who had no criminal record.

70. That by reason of the foregoing, the Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### 42 U.S.C. §1983 – MUNICIPAL LIABILITY

71. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 70 of the Complaint with the same force and effect.

72. By actively inflicting and failing to prevent the above stated abuse incurred by Plaintiff, all of the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of the Plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §1983, and by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

73. Both before and after February 7, 2013, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5, in their official and individual capacities, have systematically failed to identify the

improper abuse, misuse, violative acts by police officers and officials, while further failing to subject such officers to discipline, closer supervision, and/or restraint.

74. Upon information and belief, specific systemic flaws in the COUNTY OF NASSAU and P.O. JOHN DOEs #1-5, in their official and individual capacities, the misconduct review process, include but are not limited to the following:

    a. Preparing reports of unwarranted investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

    b. Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

    c. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

    d. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

    e. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information;

    f. The COUNTY OF NASSAU hastily accepts the allegations of police in light of clear evidence of innocence, and accepts the allegations as provided from police reports regarding excuses for abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

75. Said cover-up by the defendants, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5, both before and after February 7, 2013, was executed in this case where the defendants failed to sufficiently investigate Plaintiff and instead acted under color of statute to knowingly impose false criminal charges upon the Plaintiff.

76. By permitting and assisting such a pattern of police misconduct, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 have acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights; to wit, the Defendants COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 were encouraged to believe that their actions against the Plaintiff would be accepted with impunity, just as these actions have been so accepted to date.

77. As a consequence of the defendants' systemic practice, pattern and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. §1983, Plaintiff was deprived of her freedom and physically and emotionally harmed.

78. As a proximate cause of the COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, Plaintiff was further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to her emotional well being.

79. That by reason of the foregoing, Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
## 42 U.S.C. §1983 – ABUSE OF PROCESS/MALICIOUS PROSECUTION

80. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 79 of this Complaint with the same force and effect.

81. The defendants, COUNTY OF NASSAU and P.O. JOHN DOEs #1-5 lacked reasonable suspicion to stop and detain the Plaintiff, and further lacked any probable cause to arrest or detain her in prolonged custody.

14

82. Without such probable cause, defendants wrongfully used physical force to arrest, strip search and detain Plaintiff. During said time, Plaintiff was physically prevented from leaving defendants' custody and was kept under the supervision and knowledge of the defendants without access to her freedom, family and home.

83. The false detainment, wrongful arrest, assault, malicious prosecution and other wrongful acts conducted against the Plaintiff by the defendants constituted an unreasonable search and seizure by police officers, as well as abuse of process, abuse of authority, breach of police procedures, and violation of the Plaintiff's Fourth, Fifth and Fourteenth Amendment rights. The defendants negligently and recklessly breached their duty to prevent the commission of civil rights violations perpetrated against Plaintiff, including violations of 42 U.S.C. §1983, as well as substantive and procedural due process infractions.

84. Defendants were aware that the actions taken against the Plaintiff were unnecessary, however, the defendants continued to intimidate and prosecute the Plaintiff anyway. There was an absolute lack of probable cause to arrest and detain the Plaintiff in custody. Defendants P.O. JOHN DOEs #1-5 encouraged the baseless prosecution of the Plaintiff for robbery. P.O. JOHN DOEs #1-5 insisted that Plaintiff be charged even though P.O. JOHN DOEs #1-5 were aware of problems with the identification of Plaintiff, and that Plaintiff did not match the description of the suspect given to the police and Plaintiff did not match the photographs and/or video footage of the purported robbery perpetrator. It is apparent that at least two of the defendant P.O. JOHN DOEs #1-5 exhibited actual malice toward the Plaintiff in encouraging and instigating this baseless prosecution.

85. Further, the case against Plaintiff was dismissed after it was shown that the photographs of the alleged perpetrator of the purported robbery at issue was a male, while Plaintiff is a female (**said fact at all times being known by P.O. JOHN DOEs #1-5**); after Plaintiff procured an alibi; after Plaintiff passed a polygraph examination; and after the Grand Jury, assembled at the direction of the Nassau County District Attorney's Office, based on statements and information provided by P.O. JOHN DOEs #1-5 - declined to indict Plaintiff, which resulted in all of the false criminal charges which had been lodged against Plaintiff being dismissed.

86. The continued action taken by the defendants to prosecute, harass, intimidate, threaten and fully inconvenience Plaintiff with false criminal charges is an abuse of process, in that defendants used the courts and judicial process to harass, intimidate, threaten and inconvenience Plaintiff, despite no significant evidence for prosecuting baseless charges – and all of which resulted in, among other things, her loss of employment and her loss of an opportunity to pursue a pending job application with the United States Postal Service.

87. As a result of said abuse of process, Plaintiff suffered continued emotional damage, including, but not limited to, prolonged stress and anxiety, fear and frustration, and Plaintiff has been harmed monetarily in that she lost her employment and lost her opportunity to pursue a pending job application with the United States Postal Service.

88. That by reason of the foregoing, Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs and attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 88 of this Complaint with the same force and effect.

90. The defendants, P.O. JOHN DOEs #1-5, acted intentionally and recklessly in their harassing and discriminatory treatment and activity toward Plaintiff. Each of the P.O. JOHN DOEs #1-5 defendants acted in concert with the other and conspired to violate the rights of Plaintiff and otherwise harm Plaintiff.

91. The P.O. JOHN DOEs #1-5 defendants, harassment and threats toward Plaintiff was extreme and outrageous.

92. As a direct result of the P.O. JOHN DOEs #1-5 defendants' conduct, Plaintiff has suffered severe emotional distress directly caused by defendants' actions.

93. Said emotional harm was exacerbated by the fact that the P.O. JOHN DOEs #1-5 defendants' activities involved the use of threatening and intimidating statements among other tactics of intimidation. Each of the P.O. JOHN DOEs #1-5 defendants acted in concert with the other and conspired to violate the rights and otherwise harm the Plaintiff.

94. By reason of the foregoing, the Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs and attorney's fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION : ASSAULT UNDER PENDENT JURISDICITON AGAINST P.O. JOHN DOEs #1-5

95. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs 1 through 94 of this Complaint with the same force and effect as though each were fully set forth herein.

96. Plaintiff was subjected to unnecessary handcuffing and the threat of being contacted, where no warrant or legal basis existed for her false arrest, seizure, detention, confinement and imprisonment.

97. The aforesaid violations created great apprehension within the Plaintiff. Plaintiff was arrested at her place of employment in the witness of her co-workers and superiors- all of which resulted in her termination. When Plaintiff arrived at the 1st Precinct, she was harassed by P.O. JOHN DOEs #1-5 and subjected to a humiliating, degrading and intrusive strip-search.

98. Throughout her captivity, Plaintiff was forced to suffer a reasonable apprehension of imminent physical injury for a prolonged period of time.

99. That at all times herein mentioned, Plaintiff conducted herself in a prudent, peaceful and lawful manner.

100.    That by reason of the aforesaid conduct and actions against Plaintiff, she has suffered injuries including psychological harm, mental distress, humiliation, fear, embarrassment, has lost her employment and been precluded from seeking prospective employment – all to her detriment.

**101.**    It was foreseeable and known to all defendants that by reason of the aforesaid conduct and actions against Plaintiff, that Plaintiff would be of apprehension of imminent physical contact and would suffer the injuries that she did. Despite the defendants' reasonable knowledge of the effects of their action on Plaintiff, they continued to carry out their intentions – which was to create such fear in Plaintiff that Plaintiff would confess to a crime that defendants **knew** was impossible for the Plaintiff to have committed.

102.    That by reason of said assault on Plaintiff and its resulting effects, Plaintiff demands judgment against all defendants in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs and attorney's fees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION:**
**UNLAWFUL IMPRISONMENT UNDER PENDANT JURISDICTION**
**AGAINST ALL DEFENDANTS**

103.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 102 of this Complaint with the same force and effect as though each were fully set forth herein.

104.    That at all times herein mentioned, defendants P.O. JOHN DOEs #1-5, while acting separately and in concert, and in the course of their duties and functions as employees and agents of defendant COUNTY OF NASSAU and did intend to confine and imprison Plaintiff.

105.    That at all times herein mentioned, said defendants did in fact confine and unlawfully imprison Plaintiff for thirteen (13) days in a jail setting.

106.    That at all times herein mentioned, Plaintiff was conscious and aware of her confinement and unlawful imprisonment; and did not consent to it.

107.    That the aforesaid confinement and unlawful imprisonment was not otherwise legal, authorized or privileged.

108.    That no warrant or legal basis existed for the aforesaid confinement and unlawful imprisonment.

109.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of Plaintiff.

110.     That by reason of the aforesaid conduct and actions of defendants, Plaintiff was placed in fear for her personal safety and emotional welfare.

111.     That by reason of the aforesaid conduct and actions against her, Plaintiff suffered an unlawful detention, loss of liberty, physical injuries, emotional distress, fear, anxiety, humiliation, embarrassment, damage to her reputation, loss of her employment with Nassau County Public Works; and was precluded from pursuing a potential job offer with the United States Postal Service – all to her detriment.

112.     That Plaintiff did not consent to the commission of the aforesaid conduct and actions against her, nor was said conduct and actions otherwise legal, authorized or privileged.

113.     That no reasonable basis existed for the aforesaid conduct and actions against the Plaintiff.

114.     That Plaintiff in no way instigated, caused or contributed to the complained of conduct and actions against her.

115.     That at all times herein mentioned, Plainitff conducted herself in a prudent, peaceful and lawful manner.

116.     That at all times herein mentioned, defendant NASSAU was aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents/employees.

117.     The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. §1983.

20

118.     That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Laws and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

119.     That by reason of the aforesaid conduct against her, Plainitff demands judgment against all defendants in the sum of one million ($1,000,000.00) dollars or more, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, to be determined by the trier of fact in this action.

### AS AND FOR A NINTH CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER PENDENT JURISDICITION AGAINST NASSAU

120.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 119 of this Complaint with the same force and effect as though eacg were more fully set forth herein.

121.     The false arrest, search, seizure, unlawful detention and imprisonment, assault, battery, indictment, malicious prosecution and other wrongful, unjust and unlawful acts conducted against Plaintiff by defendant P.O. JOHN DOEs #1-5 were done without justification, without a warrant or probable cause, in breach of standard police procedures, the rules of ethics governing both law enforcement officers and prosecutors and all in violation of Plaintiff's Constitutional rights under federal and state laws.

122.     Said actions were taken in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

123.     Despite easily obtainable proof of Plaintiff's innocence, defendants initiated an unlawful prosecution and continued to use the courts and judicial process to further harm

the Plaintiff despite having knowledge that there was no actual evidence or lawful cause for continuing said unlawful and malicious prosecution.

124.    Defendants P.O. JOHN DOEs #1-5 actively instigated and encouraged the baseless prosecution of the Plaintiff for robbery. The defendants pursued the robbery charges against Plaintiff although there was no evidence that she had any involvement whatsoever in any alleged or purported robbery.

125.    As a direct result of said malicious prosecution, defendants unlawfully shifted the burden of proof onto Plaintiff, who suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear herself of said false and maliciously imposed criminal charges which were intentionally filed and maintained by defendants.

126.    Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crime for which she was charged, and instead acted under color of law to knowingly impose and prosecute false criminal charges against Plaintiff, in a manner intended to do harm without excuse or justification.

127.    Defendant NASSAU assisted in covering up the misdeeds of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the United States Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

128.     When said unlawful actions of defendant NASSAU were uncovered, all criminal charges lodged against Plaintiff were dismissed and sealed.

129.     As a direct result of said unlawful and malicious prosecution, Plaintiff suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation frustration, embarrassment, damage to her reputation, loss of her employment with Nassau County Public Works; and was precluded from pursuing a potential job offer with the United States Postal Service.

130.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of Plaintiff.

131.     That by reason of the aforesaid conduct and actions of defendants, Plaintiff was placed in fear of her personal safety.

132.     That Plaintiff did not consent to the commission of the aforesaid conduct and actions against her, nor was said conduct and actions otherwise legal, authorized or privileged.

133.     That no warrant or legal basis existed for the aforesaid conduct and actions taken against the Plaintiff.

134.     That Plaintiff in no way instigated, caused or contributed to the complained of conduct and actions taken against her.

135.     That at all times herein mentioned, Plaintiff conducted herself in a prudent, peaceful and lawful manner.

136.     That by reason of the aforesaid conduct and actions against her, Plaintiff has suffered damage and injury, including emotional and/or mental distress.

137.    That at all times herein mentioned, defendant NASSAU approved, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

138.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes and intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. §1983.

139.    That by reason of the aforesaid conduct against them, Plaintiff demands judgment against all defendants in the sum of one million ($1,000,000.00) dollars or more, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount to be determined by the trier of fact in this action.

## AS AND FOR A TENTH CAUSE OF ACTION : ABUSE OF PROCESS UNDER PENDENT JURISDICTION AGAINST ALL DEFENDANTS

140.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 139 of this Complaint with the same force and effect as though each were fully set forth herein.

141.    The false arrest, unlawful detention and imprisonment, assault, battery, malicious prosecution and other wrongful acts conducted against Plaintiff by defendants NASSAU and P.O. JOHN DOES #1-5 constituted an abuse of process, abuse of authority, breach of standard police procedures and ethical and professional standards, violations of numerous state and federal laws and violated Constitutional rights guaranteed by federal and state laws to Plaintiff.

142.    Said abuse of process is further evidenced by the defendants' refusal to adequately investigate the identity and/or whereabouts of Plaintiff, the circumstances and

the accuracy of the charges filed against her and to properly review and investigate the actions of defendant agents and/or employees for their unjust and unlawful actions.

143.    Defendants failed to investigate and verify the veracity of Plainitff;s repeated claims that she was not at all involved in the alleged and purported robbery for which she was charged.

144.    Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crime and instead acted under color of law to knowingly impose, and continued to impose, false criminal charges upon the Plaintiff notwithstanding proof and evidence within their possession of her innocence.

145.    Defendants thereby employed regularly issued criminal process against Plaintiff in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the United States Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the State of New York in a manner evidencing malice, gross negligence and/or recklessness.

146.    Said criminal process was perverted by defendants NASSAU and P.O. JOHN DOES #1-5 to attempt to obtain an indictment by assembling a Grand Jury at the direction of the Nassau County District Attorney's Office, and then covering up the prior unlawful actions of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth

Amendments of the United States Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

147.     Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

148.     As a direct result of such abuse of process, Plaintiff has suffered emotional damage, including prolonged stress and anxiety, fear, humiliation, degradation, frustration, embarrassment, damage to her reputation, loss of her employment with Nassau County Public Works; and was precluded from pursuing a potential job offer with the United States Postal Service – all as a result of being unlawfully forced to clear herself of said false and maliciously imposed criminal charges.

149.     That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional well being of the Plaintiff.

150.     That by reason of the aforesaid conduct and actions of the defendants, Plaintiff was placed in fear for her personal safety.

151.     That Plaintiff did not consent to the commission of the aforesaid conduct and actions against her, nor was said conduct and actions otherwise legal, authorized or privileged.

152.     That no warrant or reasonable basis existed for the aforesaid conduct and actions against the Plaintiff.

153.     That Plaintiff in no way instigated, caused or contributed to the complained of conduct and actions against her.

154.     That at all times herein mentioned, Plaintiff conducted herself in a prudent, peaceful and lawful manner.

155.    That at all times herein mentioned, defendant NASSAU approved, condoned and/or ratified the complained of conduct committed by its agents, servants and/or employees.

156.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. §1983.

157.    That by reason of the aforesaid conduct against her, Plaintiff demands judgment against all defendants in the sum of one million ($1,000,000.00) dollars or more, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, to be determined by the trier of fact in this action.

## DAMAGES AND RELIEF

**WHEREFORE,** the Plaintiff requests the following damages and relief:

a.   On the First Count, the sum of one million ($1,000,000) dollars, or more;

b.   On the Second Count, the sum of one million ($1,000,000) dollars, or more;

c.   On the Third Count, the sum of one million ($1,000,000) dollars, or more;

d.   On the Fourth Count, the sum of one million ($1,000,000) dollars, or more;

e.   On the Fifth Count, the sum of one million ($1,000,000) dollars, or more;

f.   On the Sixth Count, the sum of one million ($1,000,000) dollars, or more;

g.   On the Seventh Count, the sum of one million ($1,000,000) dollars, or more;

h.   On the Eighth Count, the sum of one million ($1,000,000) dollars, or more;

i.   On the Ninth Count, the sum of one million ($1,000,000) dollars, or more;

j.   On the Tenth Count, the sum of one million ($1,000,000) dollars, or more;

k.  Compensatory and punitive damages, as outlined in the aforementioned paragraphs and counts, as well as costs and attorneys fees pursuant to 42 U.S.C. §1988, and as otherwise allowed by law; and,

l.  Any and all other relief this Court deems just and appropriate.


Dated: April 18, 2013
       New York, NY


s/
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)